IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LINDSAY BURDEK,       §

                      §

        Plaintiff,       §

                      §      CIVIL ACTION NO.

vs.                    §

                      §      3:11-cv-00029-HLA-JRK

DIVERSIFIED CONSULTANTS, INC,   §

                      §

        Defendant.      §

## <u>DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM</u>

Diversified Consultants, Inc. ("Defendant") responds to the Plaintiff Lindsay Burdek's ("Plaintiff") Complaint by filing its Answer as follows:

1.     Defendant admits the allegations in Paragraph No. 1 of Plaintiff's Complaint.

2.     Defendant admits that this Court has jurisdiction over this case pursuant to 15 U.S.C. § 1692k(d) as set forth in Paragraph No. 2 of Plaintiff's Complaint.

3.     Defendant admits the allegations contained in Paragraph No. 3 of Plaintiff's Complaint.

4.     Defendant admits the allegations contained in Paragraph No. 4 of Plaintiff's Complaint.

5.     Defendant admits the allegations contained in Paragraph No. 5 of Plaintiff's Complaint.

6.     Defendant admits that it is a corporation with its principal place of business in Jacksonville, Duval County, Florida.  Otherwise, Defendant denies the remaining allegations contained in Paragraph No. 6 of Plaintiff's Complaint.

7.     With regard to this case, Defendant admits that it claims Plaintiff owes a lawful debt as that term is defined by 15 U.S.C. § 1692a(5). Otherwise, Defendant is without knowledge or information sufficient to form a belief as to the truth and veracity of the remaining allegations in Paragraph No. 7 of Plaintiff's Complaint and accordingly denies same.

8.     Defendant admits the allegations contained in Paragraph No. 8 of Plaintiff's Complaint.

9.     To the extent that employees of Defendant acted within the course and scope of their employment with Defendant and in accordance with the training they received from Defendant, Defendant admits the allegations contained in Paragraph No. 9 of Plaintiff's Complaint.  Otherwise, Defendant denies the allegations contained in Paragraph No. 9 of Plaintiff's Complaint.

10.    Defendant admits contacting Plaintiff.  Defendant further admits that one of the telephone numbers it utilizes is (800) 604-0064.  Otherwise, Defendant denies the remaining allegations contained in Paragraph No. 10 of Plaintiff's Complaint.

11.    Defendant denies the allegations contained in Paragraph No. 11 of Plaintiff's Complaint.

12.    Defendant denies the allegations contained in Paragraph No. 12 of Plaintiff's Complaint.

13.    Defendant denies that Plaintiff is entitled to any relief requested in her prayer.

14.    Any allegation of Plaintiff's Complaint not specifically admitted herein is denied.

15.    Plaintiff's claims are groundless and brought in bad faith and for the purpose of harassment.  As such, under the Fair Debt Collection Practices Act ("FDCPA"), Defendant is entitled to recover its costs and attorneys' fees.

## FIRST AFFIRMATIVE DEFENSE

16.     Defendant has, at all times relevant hereto, complied fully with the FDCPA, 15 U.S.C. § 1692, *et seq.*

## SECOND AFFIRMATIVE DEFENSE

17.     Defendant affirmatively pleads that to the extent a jury or this Court may find any violations of the FDCPA, such alleged violations being expressly denied by Defendant, liability for any such alleged violations is barred by 15 U.S.C. § 1692k(c).

## THIRD AFFIRMATIVE DEFENSE

18.     Plaintiff's claims are, or may be, barred or diminished by Defendant's right to setoff and/or recoupment arising from defaults, deficiencies or otherwise.

## FOURTH AFFIRMATIVE DEFENSE

19.     Plaintiff's claims are, or may be, barred because upon information and belief, Plaintiff has failed properly to mitigate her damages.

## FIFTH AFFIRMATIVE DEFENSE

20.     Defendant is not liable for any actions of its agents or employees committed outside of the line and scope of their employment.

## SIXTH AFFIRMATIVE DEFENSE

21.     Pleading further, Defendant states that Plaintiff's cause of action under the FDCPA was brought in bad faith and for the purpose of harassment.  As such, Defendant is entitled to its necessary and reasonable attorneys' fees and court costs pursuant to FDCPA § 1692(k)(1) in an amount to be determined by the Court.

<u>Counterclaim</u>

Comes now, Diversified Consultants, Inc. in its capacity as Counter-Claimant and files this counterclaim against Lindsay Burdek as follows:

22.     Defendant's counterclaim is proper under Fed.R.Civ.P. 13 since it arises out of the transaction or occurrence that is the subject matter of Plaintiff's claim and does not require for its adjudication the presence of third parties of whom the Court cannot acquire jurisdiction. To this end, the right to collect the amounts due from Plaintiff was duly assigned to Defendant and Defendant has the right to proceed with the claims against Plaintiff.

23.     In the alternative, Defendant's claims against Plaintiff are permissible under Fed.R.Civ.P. 13(b) since it is a proper claim against Plaintiff and judicial economy is served by having the Court decide all issues surrounding the parties.  The Court has ancillary jurisdiction to hear and determine all claims between the parties.

24.     Jurisdiction over Defendant's claim is proper under 28 U.S.C. § 1367.

25.     Defendant is a limited liability company organized under the laws of the State of Florida with its principal place of business in Duval County, Florida.

26.     Plaintiff has fully appeared herein and will be served with a copy of this pleading pursuant to Fed.R.Civ.P. 5 and in accordance with the CM/ECF rules of the Middle District of Florida.

<u>Background Facts</u>

27.     Prior to 2010, Plaintiff obtained a cellular telephone and service plan from Verizon Wireless.  Verizon is a company that provides cellular telephone service and equipment to the general public.  To this end, Plaintiff contracted with Verizon for a cellular telephone

phone and a service plan and agreed to pay Verizon its usual and customary prices.   Despite said agreement, Plaintiff defaulted in her payment obligations to Verizon.

28.     Despite such promises and services fully performed by Verizon, Plaintiff failed and refused to pay the amounts due and owing under the contract.   Verizon and Defendant made demand upon Plaintiff  for all amounts due and owing but Plaintiff wholly failed and refused to pay the amount due.   Thereafter, Verizon wholly assigned the right to collect this matter to Defendant.

<u>Cause of Action</u>

<u>BREACH OF CONTRACT</u>

29.     Defendant brings this breach of contract cause of action against Plaintiff.   To this end, Defendant would show that Plaintiff entered into a contract with Verizon wherein Verizon agreed to perform certain services for Plaintiff, to wit: providing cellular telephone service.   As consideration thereof, Plaintiff  agreed to pay for the services provided by Verizon.

30.     Plaintiff breached the Contract, in the following, but not limited to, particulars:

A.  Plaintiff did not pay all amounts due and owing under her contract.

31.     Verizon is the person for whom the Contract was intended to be performed and wholly assigned the right to collect all amounts due and owing to Defendant and as such, Defendant has standing to bring this cause of action against Plaintiff.

32.     Plaintiff's breach of contract resulted in actual damages to Verizon and Defendant.   Defendant demanded that Plaintiff pay the amounts due and owing, but Plaintiff at all material times, failed and refused to abide by the terms of the contract.   As such, Defendant was damaged by Plaintiff's breach of contract in an amount for which Defendant herein sues.

33.     All conditions precedent to contract formation and execution and Defendant's right to recover under the contract were performed or waived by Plaintiff.

34.     It was necessary for Defendant to retain the services of the undersigned attorneys to pursue its rights and remedies in the case at bar.  Further, the contract between Plaintiff and Verizon provides for the award of attorneys' fees in the event of default.  As such, Defendant is entitled to recover all necessary and reasonable attorneys' fees in an amount for which Defendant herein sues.

Prayer

Wherefore, the premises considered, Defendant prays that Plaintiff take nothing by her causes of action.  Defendant prays that the Court find that Plaintiff's case is groundless and brought in bad faith and award to Defendant its costs and attorneys' fees. Defendant prays that it recover all amounts due and owing from Plaintiff on its breach of contract claim plus all reasonable and necessary attorneys' fees.  Defendant prays for pre-judgment and post-judgment interest, costs of Court and attorneys' fees.  Defendant prays for such other and further relief, at law or in equity, to which Defendant may be duly entitled.

Respectfully submitted,

MILAM HOWARD NICANDRI
  DEES & GILLAM, P.A.


By: _/s/   Peter E. Nicandri_____
    Peter E. Nicandri
    Florida Bar No. 823090
    14 East Bay Street
    Jacksonville, Florida  32202
    pnicandri@milamhoward.com
    Tel:  (904) 357-3660
    Fax: (904) 357-3662

and

Steven R. Dunn, *Pro Hac Vice to be Filed*
Texas Bar No. 06252250
THE DUNN LAW FIRM
5420 LBJ Freeway, Suite 577
Dallas, Texas  75240
steven@dunnlawfirm.net
Tel:  (214) 692-5533
Fax:  (214) 692-5534

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed with the Clerk of the U.S. District Court, Middle District of Florida, via CM/ECF, and a copy electronically delivered to James D. Pacitti, Esq., Krohn & Moss, Ltd., 10474 Santa Monica Boulevard, Suite 401, Los Angeles, CA  90025, on this 21st day of February, 2011.

/s/    *Peter E. Nicandri*
Attorney